The judges delivered their opinions as follows :—
Bay, J.
The principal ground relied,upon in arrest of judgment is, that the suit is brought in the names of the several plaintiffs, with, out naming them as former judges of the county court; and that even if they were named as such, they could not maintain the ac- *224 lion, being no longer in office, for that their duties are transferred l<5 the ordinary, in wlrcse name only such suits arc maintainable.
I am of opinion, that upon the abolition of tho county courts, tlrtí powers and duties of the county court judges ceased ;. and that by the act of 1799, they were transferred to the ordinary: and con* sequently that the ordinary who succeded the judges of Abbeville county court, succedrc! to all their powers and authorities. I am further of opinion, that this suit, therefore, should have been brought in the name of the ordinary, as successor to the judges of Abbe-ville county.
Thezevakt, J.
I am of opinion, that the judgment in this case should be arrested ; because ¡ t the time this action was brought, tho county courts had been abolished, and ordinaries had been appoint, ed for the new districts : which ordinaries, in their several districts, are to bo considered the successors in office of the judges of tho county courts, so far as relates to the duties and office of ordinaries. This action ought therefore to have been brought in the name of the ordinary of Abbeville district. Holding this opinion, it is unnecessary to decide any other point made in this case.
Brevard, J.
In this case, I am of opinion, the judgment ought to be arrested. On all motions of this sort, the court ought to look into the record, to see if it contains sufficient matter to warrant the judgment which is moved to be arrested. Upon examination of the record in this case, it appears faulty from beginning to end. No ob. jeclion, to be sure, could be made to the writ in the first instance; but the declaration upon that writ shows that the plaintiffs had no right to sue in the right they c'aim, or to maintain the action in the capacity in which they prosecute. This court is bound, judicially, to take notice of the abolition of the county courts, and that tho for. mer county court judges, as such, in their capacity of judges of ordinary, have no right or authority to maintain actions upon administration bonds, given to them in their official capacity ; such bonds being made to them as judges for the time being, and to their successors in office. After the abolition of county courts, the officcs of the county court judges became extinct, and consequently their offices of judges of ordinary; wiiich were transferred by an act of 1799, and vested in the ordinaries, or district judges of ordinary, who became their successors in that office. Upon this ground, therefore, that upon the face of the proceedings it appears manifestly to the court, that the plaintiffs are not legally entitled to maintain this action, and that the cause of action therein contained is not sufficient to authorise the court in giving a judgment thereon. I think the motion u arrest the .judgment should be sustained.
*225 Johnson, J.
gave no opinion, having presided at the trial in Abbeville Distiict.
Waties, J. and Grimke, J,
agt'eed -in opinion with Trezevant, Bay, and Brevard, Justices.
Judgment arrested.
Note. It-was decided in this case, at the court antecedent to the decision áboVo reported, upon i motion to postpone the argument and determination of the' principal motion, founded upon an affidavit stating the want of the record of the proceeediilgs in the cause depending in the district court, that a copy of the affidavit, on which such a motion for postponement is grounded, need not be served on the opposite party, if it appears to the court by affidavit, that the pipers áre necessary to refer to in the argument arid decision on the principal motion, and that due diligence has been used in order to obtain them, if will be sufficient.
Note. There is a diversity where the conclusion or demurrer is general, and where special. If the defendant demurs upon a special point, and rehearses the cause of his demurrer, if there be any other matter in the declaration whereof he might have had advantage, he shall not have such advantage: seats whore he concludes or demurs generally. Plowd. 66. Sed quaere: vide 2 Sellon’s Pract. §35. Special demurrer goes to form and substance both. .
In trespass by lessee for years, óf beasts taken, the defendant Said that the lessee held of him by the servicies, Sec. and for so' much arrear he took the beasts; and plaintiff replied riens arrere, &c. and so to issue, and it was found for plaintiff: and the-opinion of ab the Justices was, that although defendant had accepted the writ good, yet plaintiff should rio* have judgment, but the court would abate the writ; for it appears to the court that defendant was lord, against whom trespass does not lie. Plowd. 66, citing 10 Ed. 4, 7. .14 Vin. Abr. 586,
When by tfee replication it appears tbatthe plaintiff has no cause of action, then the plaintiff never shall have judgment, though the bar be insufficient: as in debt upon obligation with Condition to perform covenants in an indenture, defendant pleads performance of all the covenants generally, where it appears to ’the court that divers of them a>'e in the negative or disjunctive, and so the plea in the general affirmative is insufficient; yet if the plain .iff replies, and shews a breach of one of the covenants, which of his own shewing is not any breach, upon which defendant demurs, judgment shall be given against plaintiff, because upon the whole record it appears that he has no cause of action. For the bondis conditioned to perform covenants, and he has shewn no breach to give, cause of action, which the law presumes he would have done had there been any. But when-the bar of the defendant Is insufficient in substance, and plaintiff replies and shews the truth .if his case, but shews no matter against himself, hut matter explanatory, or perhaps not material, there the court shall adjudge upon the whole record ; aud the count being good, judgment shall be given for the plaintiff for the insufficiency of the bar, without any regard to the replication: as if a! min pleads a grant by letters patent, which is not material, and defendant demurs in law; in this case judgment shall be given against the defendant. Et sic in similibus. 8 Rep. 133, 120; 14 Vin. 587 b. in the notes. Tippet v. May, 1 Bos. & Pul. 413.
*226 In debt upon an obligation which was voidbystatute 23 Han. 6, c. 10, defendant concluded his plea with judgment si actio,, whereas he ought to have said, andso never was his deed; so that the conclusion was ill: yet it appearing that upon the u atterin law it was avoid deed, the court ex officio ought to givejudgment against the plain iff, though defendant cannot take advantage, for it appears the plaintiff had no cause of action, &c. Plowd. 60, 6. Though in such case the defendant be'estopped by the admission or verdict, yet the court shall not proceed to judgment for plaintiff. Dyer 119. 14 Vin. Abr. 587. Bee to the same point, Cro. Jae 442.
Where the declaration is good, and defendant's plea ill, though plaintiff joins issue thereupon, and it be found false, yet the declaration being good, plaintiff shall have judgment. Cro Car 25. uo in trespass, where the trespass is confessed by the ptea 14 Vin. Abr. 587. See Hob. 256, 2 Saund. 116, 2 Salk. 663, Carth 387.
In trespass for breaking and entering the house of A. B. and taking the goods of C. 0 , ad dumpnum ipsorum; a verdict was given for plaintiff and entire damages. It was moved in arrest of judgment,, that this action could not be maintained, especially since the jury gave mtire damages; for how could plaintiff, who had no right to the house, (for that was in A. B ) recover damages for the unlawful entry : or-how can A B. recover damages for the taking the goods, in which he had no property; for the property of the goods was in C. D. 1 And judgment was arrested. 8 Mod. 370, 14 Vin. Abr. 589. If the plaintiffs are not in court, they cannot call on the court to give judgment as in case of discontinuance. Tippet v. May, 1 Bos. & Pul. 411.